UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIFFANY AUSLER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:18-CV-00315 JAR |
|  | ) |  |
|  | ) |  |
| AETNA LIFE INSURANCE CO, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Aetna Life Insurance Company's ("Aetna") Motion to Dismiss. (Doc. 10.) Plaintiff Tiffany Ausler has filed a response in opposition (Doc. 19), and Aetna has replied (Doc. 23).

**Background**

Plaintiff makes the following allegations (*see* Docs. 1, 19): Plaintiff was employed by Boeing Corporation as a software engineer for more than thirteen years. As a Boeing employee, Plaintiff was eligible for the company's short-term disability ("STD") and long-term disability ("LTD") compensation plans, which are administered by Aetna and subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001-1461. Aetna provided Boeing employees with a plan brochure[1] detailing things like eligibility requirements, the

---

[1] "Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir. 2004)). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically

1

benefits claims process, and how to appeal from a denial. (Doc. 10-2 at 37-151 (*see also*, Doc. 10-1 (The Boeing Company Master Welfare Plan)).) It notes that Aetna serves as the plan's "service representative," with the authority to approve or deny disability claims and to review denials on appeal. (*Id*. at 61)

### 1. The Plan Brochure

The plan brochure is divided into thirteen sections, including *Section 1 – Eligibility and Enrollment*; *Section 2 – Short-Term Disability Plan*; *Section 3 – Long-Term Disability Plan*; and *Section 9 – Claims and Appeals*. (Doc. 10-2 at 43.) Section 1 of the plan brochure defines who is eligible for Boeing's seven employer-sponsored benefits plans.[2] (Doc. 10-2 at 40.) Initial eligibility determinations are made by the Boeing Service Center and appeals are considered by Boeing's Employee Benefit Plans Committee. (*Id*. at 121-22.) Section 2 of the plan brochure explains that STD benefits are available if an employee becomes disabled as a result of a pregnancy-related condition, accidental injury, or illness. (*Id*. at 61.) If an employee is disabled for twenty-six weeks, she "may be eligible for benefits under the [LTD] plan." (*Id*.) Section 3 of the plan brochure explains the amount and duration of LTD benefits. (*Id*. at 67-76.) On page 3-10, the brochure explains how to claim LTD benefits:

> *How to Submit a Long-Term Disability Claim*
>
> If you are receiving benefits under the Short-Term Disability Plan and you continue to be disabled, you do not need to submit a claim for long-term disability benefits under this plan.
>
> . . .

---

attached to the pleading.'" *Id* (quoting *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003)). (*See also*, Doc. 10-2 (Boeing's Plan documents, attached to Aetna's Motion to Dismiss).)

[2] In addition to its STD and LTD plans, Boeing offers a Basic Life Insurance Plan, Supplemental Life Insurance Plan, AD&D Plan, Supplemental AD&D Plan, and Business Travel Accident Plan. (Doc. 10-2 at 40.)

2

> If you are not receiving benefits under the Short-Term Disability Plan, you will need to initiate a claim for long-term disability benefits by calling Boeing TotalAccess at the start of your medical leave.
>
> . . .
>
> You must initiate your claim within 90 days of the date your 26-week waiting period under this plan ends . . . A claim submitted more than one year after your 90-day disability claim-filing period will not be covered unless you are legally incapacitated.

(*Id.* at 76.)

Section 9 is divided into four subsections with headings set apart in bold letters. (Doc. 10-2 at 116.) The first subsection begins:

> *How to Submit a Claim or File an Appeal*
>
> This section describes two types of claim review and appeal procedures . . . :
>
> - Benefit claims and appeals.
> - Eligibility claims and appeals.

(*Id.* at 117.) Next is *Benefit Claims Process*, which includes a procedure for filing a claim for benefits and appealing if your claim is denied. (*Id.*) After that is *Eligibility Claims Process*, again explaining how to file a claim and appeal a denial. (*Id.* at 112.) The fourth and final subsection states:

> *What you Can Do if Your Appeal is Denied*
>
> If the service representative or the Committee denies your appeal, you may bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). However, except as otherwise provided in an insured contract, you must bring any legal action within 180 days of the
>
> - Decision on appeal of your claim for benefits or eligibility or;
> - Expiration of time to take an appeal if no appeal is taken.

(Doc. 10-2 at 123.)

## 2. *Plaintiff's Claims*

On December 1, 2014, Plaintiff submitted a claim for STD and LTD benefits, claiming total disability and providing documentation from her medical provider in support. (Doc. 11-1 at 1.) Upon review, Aetna notified plaintiff by letter "that the evidence does not support disability as defined by your group policy" and denied Plaintiff's STD claim. (*Id*. at 2.) In addition, Aetna denied Plaintiff's LTD claim because she "[had] not met the 26 [week] waiting period." (*Id*.)

Plaintiff appealed Aetna's denial of STD benefits. (Doc. 11-2.) In a letter dated February 27, 2015, Aetna informed Plaintiff that it agreed with its original determination and denied her appeal. (*Id*. at 1.) The final paragraph of the letter states:

> If you don't agree with our appeal decision, you can file a lawsuit under section 502(a) of a law called ERISA. If you wait too long, you may lose your right to file a lawsuit based on this claim. Make sure to check your plan brochure or summary plan description to see if it gives you the time frame to file a lawsuit.

(*Id*.)

Plaintiff filed this suit on February 26, 2018—1,095 days after Aetna's appeal letter—alleging that Aetna's denial of both STD and LTD benefits was an abuse of discretion. (Doc. 1.) Aetna argues that Plaintiff's STD claim is time-barred because she did not comply with the 180-day time limit outlined in the plan brochure. (Doc. 10.) Aetna also argues that Plaintiff is barred from seeking LTD benefits because she never pursued them through the plan's required procedure for claiming them. (*Id*.)

Plaintiff responds that the language of the plan brochure is ambiguous and that, in any event, a 180-day time limit is unreasonably short. (Doc. 19.) In addition, she argues that, once her STD claim was denied, she was ineligible for LTD benefits and that exhaustion was therefore futile. (*Id*.)

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

**Discussion**

As noted, Aetna argues that Plaintiff failed to meet the 180-day time period for filing suit after the denial of her appeal, as set out in the plan brochure, and that her denial-of-STD-benefits claim is therefore subject to dismissal as time-barred. (Doc. 10.) In addition, Aetna argues that Plaintiff is barred from advancing her denial-of-LTD-benefits claim because she failed to exhaust the procedure outlined in the plan brochure. (*Id*.)

   1. *Plaintiff's Denial-of-STD-Benefits Claim*

Plaintiff argues that the plan brochure is ambiguous. (Doc. 19 at 3-7.) Ordinarily, Missouri law construes ambiguous contract terms in favor of the insured. *Brewer v. Lincoln Nat. Life Ins. Co.*, 921 F.2d 150, 153 (8th Cir. 1990). However, this rule does not apply in ERISA

cases. *Id*. Instead, "courts should construe any disputed language 'without deferring to either party's interpretation.'" *Id.* (quoting *Wallace v. Firestone Tire & Rubber Co.,* 882 F.2d 1327, 1329 (8th Cir. 1989)). "[T]erms should be accorded their ordinary, and not specialized, meanings." *Id*. at 154. "[I]f, after applying ordinary principles of construction, giving language its ordinary meaning and admitting extrinsic evidence, ambiguities remain," "a court construing plans governed by ERISA should construe ambiguities against the drafter." *Delk v. Durham Life Ins. Co.*, 959 F.2d 104, 106 (8th Cir. 1992).

Plaintiff argues that the 180-day time limit in the plan brochure refers only to appeals from a denial under the *Eligibility Claims Process*—decisions by the Boeing Service Center and Boeing's Employee Benefit Plans Committee about whether an employee or dependent is eligible to participate in the company's disability, life, and accident benefit plans. (*See* Doc. 10-2 at 121-123.) Plaintiff argues that there is no doubt she is eligible to participate in the STD plan and that therefore the relevant provision is found under the *Benefit Claims Process* heading. (Doc. 19; Doc. 10-2 at 117-121.) In that subsection, no specific deadline for filing a civil lawsuit is given; the brochure promises only to provide written notice that includes, among other things, a "[s]ummary of your right to additional appeals or legal action." (*See* Doc. 10-2 at 117-121.) The letter informing Plaintiff that her appeal had been denied warns her to "check your plan brochure or summary plan description to see if it gives you the time frame to file a lawsuit." (Doc. 19.) Plaintiff argues that because the *Benefit Claims Process* subsection does not include a time limit, the 180-day deadline applies only to eligibility claims.

The Court finds that there are multiple instances in which the plan brochure's plain language unambiguously shows that the 180-day deadline is not limited to eligibility claims. First, Section 9 begins by stating that "[t]his section describes *two types* of claim review and

appeal procedures . . . : Benefit claims and appeals [and] Eligibility claims and appeals." (Doc. 10-2 at 117 (emphasis added).) Second, the *What You Can Do if Your Appeal Is Denied* subsection expressly requires employees to "bring any legal action within 180 days of the [d]ecision on appeal of your claim for *benefits or eligibility*." (*Id*. at 123 (emphasis added).) Similarly, the time limit provision refers to appeals denied by "the service representative or the Committee." (*Id*.) Because the "service representative" only considers benefits claims (Boeing's Employee Benefit Plans Committee considers eligibility claims) the time limit must apply to benefit claims like Plaintiff's. (*Id*.)

Further, Plaintiff's interpretation would require the Court to read the language under *What You Can Do if Your Appeal Is Denied*—including the 180-day time limit—as a continuation of the *Eligibility Claims Process* subsection, but the table of contents on page 9-2 clearly delineates them as separate and independent subsections. (Doc. 10-2 at 116.) When each section is read consistently with the others, as part of an integrated whole, the *What You Can Do if Your Appeal Is Denied* subsection clearly applies to all appeals made under Section 9 to impose a 180-day time limit on claims made under either the eligibility or disability subsections. *See DeGeare v. Alpha Portland Indus., Inc.*, 837 F.2d 812, 816 (8th Cir. 1988), *vacated on other grounds sub nom. DeGeare v. Slattery Grp., Inc.*, 489 U.S. 1049 (1989) (holding that, when reading a written description of an employee's benefits, "[e]ach provision should be read consistently with the others and as part of an integrated whole"). In short, suits arising from the denial of a STD-benefits claim are subject to the plan's 180-day time limit.

Alternatively, Plaintiff argues that the Court should not enforce the 180-day limit because it is unreasonably short. (Doc. 19 at 7-9.) The time limit in an ERISA plan is binding on the parties "unless a court concludes 'either that the period is unreasonably short, or that a
7

controlling statute prevents the limitations provision from taking effect.'" *Munro-Kienstra v. Carpenters' Health & Welfare Tr. Fund of St. Louis*, 790 F.3d 799, 802–03 (8th Cir. 2015) (quoting *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99 (2013)). In those cases, "[c]ourts must borrow the analogous state limitations period in ERISA actions because Congress has not provided a limitations period." *Caimi v. Daimlerchrysler Corp.*, No. 4:07-1681 CAS, 2008 WL 619220, at *5 (E.D. Mo. Mar. 3, 2008) [hereinafter *Caimi I*]. In Missouri, breach-of-contract actions must be brought within five years of the breach. Mo. Rev. Stat. § 516.120(1).

Aetna provides a number of cases holding that a 180-day time limit is not unreasonable, but cites only one such case from this Court—*Caimi I*. (Doc. 10-1 at 7.) In that case, an employee filed suit after he was denied STD benefits. *Caimi I*, 2008 WL 619220, at *1. The employee sought to file an amended petition that included an ERISA claim for the improper denial of LTD benefits. *Id*. The employer moved to block the amendment on the ground that the claim was time-barred by the 180-day time limit contained in the employee's employment agreement. *Id*. at *2-3. The Court agreed with the employer and denied leave to amend. *Id*. at *7. In so doing, the Court discussed numerous cases around the country in which limitations periods shorter than 180-days were found to be reasonable. *Id*. at *6.

Plaintiff argues that *Caimi* is actually a case in which the Court refused to apply a 180-day limit. (Doc. 19 at 7-8.) Later in that case, the employer moved for summary judgment, arguing that the 180-day time limitation from the employment agreement barred the employee's denial-of-benefits claims. *Caimi v. DaimlerChrysler Corp.*, No. 4:07-CV-1681 CAS, 2008 WL 1777459, at *5 (E.D. Mo. Apr. 16, 2008) [hereinafter *Caimi II*]. In *that* order, the Court denied summary judgment because the employer had failed to proffer any "authority to support the

8

proposition that a limitations period contained in an employment agreement may be applied to an ERISA denial of benefits claim." *Id.* at *5; (Doc. 19 at 7-8).

However, *Caimi II* is inapposite. Here, Aetna is not attempting to "borrow" a limitations period from Plaintiff's employment agreement or any other extraneous source; it seeks only to apply a time limit, expressly stated in the STD plan brochure, to a STD-benefits claim arising under the STD plan. Accordingly, the Court agrees with *Caimi I*'s finding that 180-day limits such as the one in Boeing's plan are reasonable.

In addition, the Court independently concludes that 180 days is a sufficient amount of time to investigate and file an ERISA claim for denial of benefits. Notably, Plaintiff makes no argument that her delay was caused by some difficulty in meeting the deadline. (*See* Doc. 19 at 7-9.) She argues only that "the summary plan description and the letter of denial of the appeal contained information that was, at the very least, misleading to Plaintiff or any reasonable person attempt[ing] to navigate their possible remedies for further action on a denial of disability benefits, and at the very worst, purposely misleading." (*Id*. at 8-9.) The Court disagrees. As already discussed, the letter directed Plaintiff to the plan brochure, which lays out an unambiguous 180-day time limit for filing suit. After learning that Aetna had denied her appeal, for which Plaintiff had presumably collected all of her relevant medical records to date, Plaintiff already had everything she needed to file her civil suit. She provides no explanation for her nearly three-year delay.

Accordingly, the Court concludes that, even accepting Plaintiff's factual assertions as true, her denial-of-STD-benefits claim is time barred, and, therefore, she cannot state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (2009).

### 2. *Plaintiff's Denial-of-LTD-Benefits Claim*

Aetna argues that Plaintiff's denial-of-LTD-benefit claim is barred because she failed to exhaust the plan's internal claims process.[3] Plaintiff argues that she had no obligation to exhaust Aetna's internal claims procedure for her LTD benefits claim because once her STD claim was denied, she was ineligible for LTD benefits. (Doc. 19 at 9.)

"In [the Eighth Circuit], benefit claimants must exhaust [the benefits appeal] procedure before bringing claims for wrongful denial to court." *Midgett v. Washington Grp. Int'l Long Term Disability Plan*, 561 F.3d 887, 898 (8th Cir. 2009) (quoting *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001)). Accordingly, when "a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, [her] claim for relief is barred." *Id.* (quoting *Layes v. Mead Corp.*, 132 F.3d 1246, 1252 (8th Cir. 1998)). However, "[a] party may be excused from exhausting administrative remedies . . . if further administrative procedures would be futile," and "[a]n administrative remedy will be deemed futile if there is doubt about whether the agency could grant effective relief." *Id.* (quoting *Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.,* 440 F.3d 992, 1000 (8th Cir. 2006)).

Plaintiff's futility argument is simple: once she was denied STD benefits, she was ineligible for LTD benefits and so any claim for LTD benefits would have been futile. (Doc. 19 at 9.) In support of that interpretation of the plan provisions, Plaintiff points to the *Amount of Short-Term Disability Benefits* table in the plan brochure, which states: "After 26 weeks -You may be eligible for benefits under the Long-Term Disability Plan." (Doc. 10-2 at 61.) Based on

---

[3] The Court recognizes that Plaintiff included a claim for LTD benefits with her STD claim. (Doc. 11-1 at 1.) Aetna denied the claim as premature. (*Id.*) Plaintiff does not allege and there is no evidence that the Court may consider suggesting that she attempted to appeal from that denial or renew her claim after the waiting period had elapsed.

this language, Plaintiff argues that, "[b]y denying [her] claim for STD benefits, [Aetna] has denied her to ability to apply for LTD benefits." (Doc. 19 at 9.)

Once again, the Court finds that Plaintiff's interpretation is not supported by the plain language of the plan brochure. Under "*How to Submit a Long-Term Disability Claim,*" the brochure explains:

> If you are receiving benefits under the Short-Term Disability Plan and you continue to be disabled, you do not need to submit a claim for long-term disability benefits under this plan.
>
> . . .
>
> If you are not receiving benefits under the Short-Term Disability Plan, you will need to initiate a claim for long-term disability benefits by calling Boeing TotalAccess at the start of your medical leave.
>
> . . .
>
> You must initiate your claim within 90 days of the date your 26-week waiting period under this plan ends . . . A claim submitted more than one year after your 90-day disability claim-filing period will not be covered unless you are legally incapacitated.

(Doc. 10-2 at 76.) The second paragraph outlines how to submit a LTD claim "[i]f you are not receiving benefits under the Short-Term Disability Plan." (Doc. 10-2 at 76.) That paragraph would be wholly unnecessary if being approved for STD benefits was a prerequisite for making a LTD claim. The Court will not apply an interpretation that renders an entire paragraph meaningless. *See HM Compounding Servs., LLC v. Express Scripts, Inc.*, No. 4:14-CV-01858 JAR, 2018 WL 5840527, at *6 (E.D. Mo. Nov. 8, 2018) ("When construing contracts, 'interpretations should be sought that give meaning to all parts of the contract, and interpretations which render meaningless parts of the contract should be avoided.'") (quoting *Schoemehl v. Renaissance Elec. Co.*, 334 F. App'x 772, 776 (8th Cir. 2009)). Moreover, Plaintiff cites no language in any plan document that affirmatively states that LTD benefits are

contingent on being approved for STD benefits. Accordingly, Plaintiff's argument that the denial of STD benefits precludes LTD benefits is unpersuasive. Because there is a procedure for seeking LTD benefits even after being denied STD benefits, Plaintiff's futility argument fails. Thus, Plaintiff's failure to initiate, let alone exhaust, a claim for LTD benefits bars her from pursuing relief on her denial-of-LTD-benefits claim. *Midgett*, 561 F.3d at 898.

## Conclusion

The Court concludes that Plaintiff's denial-of-STD-benefits claim is time barred and that Plaintiff failed to exhaust her denial-of-LTD-benefits claim. As such, her complaint fails to state a facially plausible claim to relief. *Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Aetna Life Insurance Company's Motion to Dismiss (Doc. 10), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Tiffany Ausler's Complaint is **DISMISSED.** A separate judgment will accompany this order.

Dated this 4th Day of March, 2019.

                                       _____
                                       JOHN A. ROSS
                                       UNITED STATES DISTRICT JUDGE